UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 17CR1533-JLS |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GEORGE SOTO | (COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 46) and after considering the applicable factors provided in 18 U.S.C. § 3553(a), [1]

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits. [2]

FACTORS CONSIDERED:

The Court finds that Defendant has failed to establish that his current medical condition presents an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i). Defendant contends that his age of 58 years and his hypertension diagnosis warrant relief. While these factors may present some additional risk for severe illness with COVID-19, Defendant falls within the lowest end of the risk categories for age[3] and his hypertension appears to be well

---

[1] Although the Ninth Circuit has determined that the Sentencing Commission policy statement is not applicable to motions filed by a defendant under the recently amended § 3582(c)(1)(A), the court recognized that it may inform a district court's discretion. *United States v. Aruda,* 993 F.3d 797 (9th Cir. 2021).

[2] Plaintiff contends that Defendant's motion should not be considered on the merits because Defendant failed to exhaust his administrative remedies. However, more than 30 days have passed since FCI Florence received notice of the motion in this case "and treated it as a newly-filed Compassionate Release/Reduction in Sentence request." Decl. of Clay Cook, ECF 56-1 at 4. Thus, the Court finds that Defendant has met the 30-day lapse provision of § 3582(c)(1)(A).

[3] The risk for severe illness with COVID-19 increases for people in their 50s, and increases in the 60's, 70s, and 80s. Those aged 85 and older are the most likely to get very sick. CDC, Centers for Disease Control and Prevention, Older

managed with medication. Defendant's medical records do not reflect any acute episode resulting from his hypertension, nor do they reflect any other disability or limitation on his daily activities. Although Defendant tested positive for COVID-19 in December of 2020, it appears that he was asymptomatic.

Finally, although Defendant contends that his conditions are compounded by the fact that he is housed at FCI Florence, "a hotspot for the virus," it appears that the Bureau of Prisons and FCI Florence have undertaken considerable measures to control the transmission of COVID-19 within the institution. Currently there are two inmates and zero staff testing positive for the virus and vaccines continue to be implemented.[4] It is not clear whether Defendant has been vaccinated. The Government contends that he refused a COVID-19 vaccination, but the immunization records cited by the Government indicate only that he refused an influenza vaccine. ECF No. 52-1 at 28. In any event, the increased availability of the COVID -19 vaccine within the prison as a whole would suggest that the institutional risk factor associated with the transmission of the virus has greatly decreased.

Under these circumstances, the Court is not persuaded that Defendant's medical condition constitutes an extraordinary and compelling basis for compassionate release. Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated: July 6, 2021

Hon. Janis L. Sammartino
United States District Judge

---

Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed June 30, 2021).

[4] Federal Bureau of Prisons, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed June 30, 2021).